450 F.2d 793
 78 L.R.R.M. (BNA) 2403, 66 Lab.Cas. P 12,081
 POLORON PRODUCTS OF MISSISSIPPI, INC., Petitioner,
v.
NATIONAL LABOR RELATIONS BOARD, Respondent.
NATIONAL LABOR RELATIONS BOARD, Petitioner,
v.
UNITED STEEL WORKERS OF AMERICA, AFL-CIO, Respondent,
and
Poloron Products of Mississippi, Inc., Intervenor.
 Nos. 31141, 71-1129 Summary Calendar.*
 United States Court of Appeals,
Fifth Circuit.
 Oct. 1, 1971.
 
 John E. McFall, New Orleans, La., Clayton W. Moss, Jr., Greenville, Miss., George C. Longshore, Birmingham, Ala., Bernard Kleinman, Gen. Counsel, AFL-CIO, Pittsburg, Pa., for Poloron Products of Mississippi, Inc. and United Steelworkers of America.
 Marcel Mallet-Prevost, Asst. General Counsel, N.L.R.B., Washington, D. C., John J. A. Reynolds, Jr., Director, Region 26, N.L.R.B., Memphis, Tenn., for N.L.R.B.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 No. 71-1129 is the Board's petition to enforce an order entered pursuant to a stipulation between the Board and the union. No. 31,141 is the employer's petition to review and set aside the settlement stipulation.
 
 
 2
 The stipulation arose from coercive union activity occurring during a strike and when a representation petition was pending. It provided for entry of an order forbidding specified union activity and a general prohibition against union restraint or coercion in any other manner. The employer objected to entry of the settlement stipulation and demanded a hearing. The Board entered into the stipulation without hearing.
 
 
 3
 The employer points out that for situations where employers are guilty of interfering with the election process to such an extent that a fair second election is unlikely, the Board has fashioned the extraordinary remedy of entering an order requiring the employer to bargain, e. g., NLRB v. Gissel Packing Co., 395 U.S. 575, 610, 89 S.Ct. 1918, 23 L.Ed.2d 547, 576 (1969), and urges that for situations in which a union has engaged in equally serious conduct with the same effect, the Board should fashion and apply an equivalent remedy of dismissing the election petition and denying the union access to Board election procedures. No authorities are given to support the proposition that failure of the Board to fashion and apply what this employer considers an appropriate and equivalent remedy is a violation either of the Act or of the Constitution. Selection of remedies is for the Board's broad discretion. Fibreboard Paper Products v. NLRB, 379 U.S. 203, 216, 85 S.Ct. 398, 13 L.Ed.2d 233, 241 (1964).
 
 
 4
 The scope of the order is a matter of Board discretion. The fact the order recited fewer of the specific instances of union misconduct than the employer felt that it should is not an abuse of that discretion.
 
 
 5
 There is no merit to the claim that the union destroyed the effect of the notice by distributing to all employees a leaflet. The stipulation containing the order was signed July 10, 1970. The leaflet was distributed September 17. The stipulation was approved by the General Counsel September 29, and the order issued December 18. The time sequence, plus the fact that the leaflet does not refer to the settlement, place this case outside the "subversion of notice" cases. See News-Texan, Inc. v. NLRB, 422 F.2d 381 (5th Cir. 1970).
 
 
 6
 The employer, as charging party objecting to a settlement, was entitled: (a) to an evidentiary hearing on material issues of disputed fact presented by his objections. But there were no such issues. The question of whether the leaflet destroyed the effect of the notice was a conclusion based on facts not materially disputed. And, (b), to presentation on the record of reasons for approving the settlement over the charging party's objections. The Board presented its reasons on the record. Concrete Materials, Inc. v. NLRB, 440 F.2d 61 [5th Cir., 1971].
 
 
 7
 The petition of the Board for enforcement is granted. The petition to review and set aside the settlement stipulation is denied.
 
 
 
 *
 Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409